OTTNEY *v.* TAYLOR.

1. LANDLORD AND TENANT—CONVERSION OF FILLING STATION—EVIDENCE.

    In parents' suit to restore an allegedly lost bill of sale of filling station which defendant daughter had erected on land leased from plaintiffs and to restrain defendant from interfering with plaintiffs' possession, in which defendant filed cross bill for conversion of the station, refusal to allow defendant to remove station and claim of title thereto constituted conversion and justified money decree for amount which sole witness as to value testified station was presently worth.

2. SAME—RENT—EVIDENCE.

    No allowance for rent is made in plaintiffs' suit to restore an allegedly lost bill of sale of filling station which defendant daughter had erected on land leased from plaintiffs where testimony was conflicting as to amount of rent payable under lease, no claim was made therefor in the bill and answer to cross bill admits receipt of payments based on number of gallons of gasoline sold but fails to disclose amount received.

Appeal from Jackson; Williams (Benjamin), J. Submitted October 7, 1943. (Docket No. 48, Calendar No. 42,516.) Decided February 24, 1944. Rehearing denied April 7, 1944.

Bill by William Ottney and wife against Hazel Taylor to restore a bill of sale and for an injunction. Cross bill by defendant against plaintiff for damages for conversion. Decree for defendant. Plaintiffs appeal. Affirmed.

*Phillip C. Kelly,* for plaintiffs.

*John E. Shekell,* for defendant.

BUSHNELL, J. Plaintiffs William Ottney and Bertha Ottney, the parents of defendant Hazel Taylor, own a farm in Jackson county. In 1928 defendant and her husband, with the consent of plaintiffs, erected a dwelling house, store, filling station and garage on plaintiffs' land. There is direct conflict in the testimony as to the terms of the occupancy of the land, plaintiffs claiming that the daughter was to pay a ground rental of $40 per year, and the daughter contending that the rental was to be $15 per year, with a 99-year lease.

Defendant and her husband occupied the premises for some years without paying any rent or receiving a lease of any sort. Difficulties arose between the parties in 1933, resulting in circuit court commissioner proceedings by the parents and counter injunction proceedings by the daughter. A consent decree was entered in the circuit court in 1934 dismissing the daughter's bill of complaint. At the time the premises were occupied by one Gumpers, a tenant of the daughter, who refused to vacate.

According to plaintiffs, the daughter had a bill of sale executed which she delivered to them, saying, "There it is, it belongs to you and it is up to you to get out Gumpers now." The daughter denies the execution and delivery of the bill of sale and continues to claim ownership of the buildings.

After other family difficulties, which need not be related here, plaintiffs filed a bill of complaint in 1942 in which they sought to have the "lost, stolen or destroyed" bill of sale restored and that the daughter be restrained from interfering or disturbing their claimed right of occupancy of the premises. The daughter filed a cross bill in which she charged that her father and mother had converted

the filling station, she having theretofore removed the other buildings from the land, and she sought damages for the conversion.

The trial judge directed attention to the reasoning in *Cameron* v. *Oakland County Gas and Oil Company,* 277 Mich. 442 (107 A. L. R. 1142), and the decree entered in the previous matter upon stipulation of the same parties involved here. He found that the buildings erected on plaintiffs' land were the personal property of the defendant.

After a review *de novo* we adopt the following from the trial judge's opinion:

*"When plaintiffs refused to allow defendant to remove the filling station building and claimed title to it they were guilty of conversion of the building.*

"Defendant is therefore entitled to the fair value of the filling station building at the time of the conversion. The testimony indicates the building cost $800 in 1928. The witness Raymer, a mover and contractor, testified that he had examined it and that it is now worth $600. No other testimony of value was produced, although it would seem, if such appraisal were not correct, that testimony disputing such valuation would be readily obtainable. The Court therefore finds that the value of the filling station building at the time of its conversion by plaintiffs was $600.

"On the plaintiffs' claim for allowance of the fair rental value of the premises, *which is not prayed for in the bill,* the testimony of plaintiff William Ottney is that there was a parol agreement for $40 a year rent. The defendant testified on cross-examination that she was to pay rent, if she got a lease, at $15 a year.

"In defending their daughter's suit for specific performance, the then defendants, Ottneys, made no claim for rent. In addition, if the Court were disposed to make plaintiffs any allowance for rent in

the instant case, which it is not, then there is no way under the testimony to work out an accounting. The answer to the cross bill admits that plaintiff William Ottney received payments based upon the number of gallons of gasoline sold on the premises by Clarence Ottney, his son, *claimed by plaintiff's to be a tenant of defendant;* but what these payments may have aggregated is left entirely to conjecture.

"It has been suggested in one of the briefs filed by the request of the Court that it would be desirable to put an end to the persistent litigation between these parties. It is indeed unfortunate that father, mother, and grown-up daughter should have difficulties which cannot be composed by reasonable adjustment; but this is a situation where the Court must take the case as he finds it and endeavor to reach a reasonable conclusion under the evidence."

The decree entered below is affirmed, with costs to appellee.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, and BOYLES, JJ., concurred. REID, J., took no part in the decision of this case.